UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OSCAR ROLANDO SIERRA REYES, individually
and on behalf of all others similarly situated,

                          Plaintiff,

              -against-

WATER WORKS GROUP, INC. and GARY RAMIS
and LAWRENCE RAMIS, as individuals,

                         Defendants.
------------------------------------------------------------------X

**REPORT AND**
**<u>RECOMMENDATION</u>**
CV 24-6074 (OEM) (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Orelia E. Merchant, is Plaintiff's motion to strike Defendants' Answer, pursuant to Federal Rule of Civil 37(b)(2)(A) of the Federal Rules of Civil Procedure. Defendants have not filed any opposition to the motion. For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted, that Defendants' Answer be stricken from the docket, and that the Clerk of the Court issue certificates of default with respect to all Defendants.

<u>BACKGROUND</u>

Plaintiff, Oscar Rolando Sierra Reyes ("Reyes" or "Plaintiff"), commenced this action on August 29, 2024, on behalf of himself and all others similarly situated, against Defendants Water Works Group, Inc., Gary Ramis and Lawrence Ramis (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216 ("FLSA"), the New York Labor Law, and the New York Human Rights Law. (Compl., Docket Entry ("DE") [1].) Defendants appeared through counsel and filed an Answer to Plaintiff's Complaint on October 25, 2024. (DE [18].)

1

This Court held an initial conference on January 6, 2025, at which all parties appeared through counsel. (DE [20].) A discovery schedule was set at that time. (Id.) Thereafter, the parties requested that the action be referred to mediation, (DE [21], which the Court granted by Order dated March 10, 2025. (Order of Shields, M.J., dated Mar. 10, 2025.) According to Plaintiff's counsel, mediation was scheduled to take place in July 2025 but, due to a conflict on Plaintiff's part, was rescheduled to August 15, 2025. (Avshalumov Aff., DE [38], ¶ 9.) On August 12, 2025, Defendants requested to postpone the mediation. (Id.) The mediation was not rescheduled and, therefore, never conducted. (Id.)

On September 11, 2025, Defendants' counsel filed a motion, pursuant to Local Civil Rule 1.4, seeking to withdraw from further representation of Defendants. (DE [26].) This Court held a telephonic motion hearing On October 23, 2025, at which Defendants' counsel and Defendant Gary Ramis appeared, purporting to be acting on behalf of both himself and Defendant Lawrence Ramis. Defendant Lawrence Ramis did not appear for the hearing. The Court granted the application to withdraw as counsel for Defendants, specifically advising Defendant Gary Ramis as follows:

> While [Gary Ramis] and Defendant Lawrence Ramis may represent themselves in this action, the corporate Defendant – Water Works Group, Inc. – cannot and must retain new counsel. Failure by Water Works Group, Inc. to retain new counsel may result in the entry of a default judgment against the corporate entity. Discovery is stayed for thirty (30) days to allow Defendants to obtain new counsel. New counsel must appear for the corporate Defendant by November 24, 2025. If the individual Defendants – Gary and Lawrence Ramis – intend to proceed pro se and represent themselves, they shall file a letter with the Court indicating such intention by November 24, 2025.

(Order of Shields, M.J., dated Oct. 23, 2025.) Outgoing counsel was directed to serve a copy of the Order on all Defendants and to file proof of service on the docket sheet. (Id.) Proof of service

indicating that all three Defendants were served by email was filed on the docket sheet on October 31, 2025. (DE [33].)

None of the Defendants have obtained new counsel herein. Moreover, Defendants have failed to communicate with the Court in any way since the motion hearing held on October 23, 2025. Despite being specifically directed to obtain new counsel for the corporate defendant, and to advise the Court by letter by November 24, 2025 whether the individual Defendants – Gary and Lawrence Ramis – would be proceeding pro se or obtaining new counsel, Defendants have remained silent. As stated above, Defendants have also failed to oppose the within motion to strike their Answer.

## DISCUSSION

"A court may impose a range of sanctions on a party which fails to . . . comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment." Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, No. 21-CV-4106, 2024 WL 222697, at *2 (E.D.N.Y. Jan. 21, 2024) (citation omitted); see also Fed. R. Civ. P. 16f(1)(C); 37(b)(2)(A)(iii), (vi). While sanctions pursuant to Federal Rule of Civil Procedure 37 are "a harsh remedy to be used only in extreme situations," Agiwal v. Mid Island Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), "they 'protect other parties to the litigation from prejudice resulting from a party's noncompliance' and 'serve other functions unrelated to the prejudice suffered by individual litigants[,]' including specific and general deterrence." Khan v. Nyrene, Inc., No. 18-CV-557, 2019 WL 3716196, at *2 (E.D.N.Y. May 29, 2019) (quoting S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010)) (alteration in original).

3

Defendants' conduct warrants striking their Answer and imposing default as a sanction for their failure to participate in this litigation and to comply with Court orders. Although Defendants answered the Complaint and appeared at the initial conference through counsel, they have not participated in any meaningful way in this litigation since their counsel was permitted to withdraw in October 2025. The individual defendants were specifically instructed to submit a letter to the Court by November 24, 2025, advising whether they were proceeding pro se or obtaining new counsel. Moreover, since Defendant Water Works Group, Inc. is a corporate entity, it must appear by counsel, as Defendant Gary Ramis was specifically advised during the motion hearing held on October 23, 2025. However, no attorney has filed a Notice of Appearance on behalf of any of the Defendants since their initial counsel was permitted to withdraw and Defendants have not communicated with the Court in any way, thereby failing to comply with its October 23, 2025 Order. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (upholding default judgment where individual and corporate defendants did not obtain counsel in the time frame ordered by the court); see also Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney."); Global Auto, Inc. v. Hitrinov, No. 13-CV-2479, 2015 WL 5793383, at *7 (E.D.N.Y. Sept. 30, 2015) ("Since a corporation's failure to retain counsel results in a failure to 'otherwise defend,' it is appropriate to enter a default judgment against a corporation which has failed to comply with a court order to retain counsel."); Robertson v. Doe, No. 05-CV-7046, 2008 WL 3519894, at *4 (S.D.N.Y. June 19, 2008) ("Where a corporation has failed to appear through counsel, contrary to a district court order, it is appropriate to enter default judgment against it.").

On this record, the Court concludes that Defendants have willfully ignored this Court's Orders and have "abdicated [their] responsibilities in this litigation." La Saltena S.A.U. v. Ercomar Imports Internacional Corp., No., 2024 WL 2319622, at *5 (E.D.N.Y. May 22, 2024) (quoting Trustees of the Paper Prods., Misc. Chauffeurs, Warehousemen & Helpers Union Local 27 Welfare Trust Fund & Pension Fund v. J & J Int'l Logistics, Corp., No. 12 Civ. 1475, 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013)). Defendants have had ample notice of the consequences of noncompliance. In the October 23, 2025 Order permitting Defendants' counsel to withdraw, this Court explicitly stated that failure to retain new counsel "may result in the entry of a default judgment." (Order of Shields, M.J., dated Oct. 23, 2025.) "Under the circumstances of this case, issuing further orders or imposing lesser sanctions would serve no purpose, and would prejudice the Plaintiff[]." La Saltena, 2024 WL 2319622, at *5 (quoting Arch Ins. Co. v. Sky Materials Corp., No. 17 Civ. 2829, 2021 WL 966110, at *4 (E.D.N.Y. Jan. 29, 2021) (citation omitted), adopted by, 2021 WL 964948, at *1 (E.D.N.Y. Mar. 15, 2021)); see also Stirrat v. Ace Audio/Visual, Inc., No. 02-CV-2842, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) (noting that "a failure to grant dispositive relief would likely leave the case pending for an indefinite time," resulting in prejudice to Plaintiff). Given Defendants' complete failure to participate in this litigation since their counsel was relieved in October 2025, this Court recommends that Plaintiff's motion to strike their Answer be granted and that the Clerk of the Court issue certificates of default for all Defendants.

RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's motion to strike Defendants' Answer be granted, that their Answer appearing at Docket Entry [18] be stricken

from the docket, and that the Clerk of the Court enter certificates of default with respect to all Defendants.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on all counsel. Further, Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on all Defendants, by overnight mail and first-class mail at their last known address(es), and to file proof of service on the docket sheet, by April 30, 2026. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated:  Central Islip, New York
        April 27, 2026

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge
